IH-32                                                                                           Rev: 2014-1

# United States District Court
## for the
# Southern District of New York
## Related Case Statement

### Full Caption of Later Filed Case:

BRANDON SANDERS

**Plaintiff**

vs.

CHECKR, INC.

**Defendant**

**Case Number**

1:18-cv-10741

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

BRANDON SANDERS

**Plaintiff**

vs.

MAKESPACE LABS, INC.

**Defendant**

**Case Number**

1:18-cv-10016

IH-32                                                                                                                        Rev: 2014-1

**Status of Earlier Filed Case:**

☐ Closed    (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open      (If so, set forth procedural status and summarize any court rulings.)

Class action complaint filed on on October 30, 2018. Service was completed on November 2, 2018. The parties have stipulated to an extension of time for Defendant to answer or otherwise respond, until and including December 20, 2018.

**Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.**

In light of the factors set forth in Rule 13(a)(1) of the Division of Business Among Judges, Plaintiff Brandon Terrell Sanders has marked the above matter as related to the case of Brandon Terrell Sanders v. MakeSpace Labs, Inc., C.A. No. 1:18-cv-10016-ALC (S.D.N.Y.). First, both cases involve the same plaintiff.

Second, both cases arise from and share certain common events and transactions, namely Mr. Sanders' application for a job in May 2018 and the Defendants' use of consumer nformation about him with respect to his employment application. The cases will involve some of the same witnesses and evidence. As a result, there is substantial factual overlap.

 Third, both cases involve claims under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. and the New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law § 380 et seq., and it is likely that the legal rulings in one case will impact the triable factual and legal issues in the other, especially as they pertain to statutory definition and coverage. Fourth, both cases are class actions, and there will likely be some overlap between the proposed classes. Fifth, assigning both cases to the same Judge will conserve Court resource and time, as the shared factual backdrop will eliminate the need for two Judges to learn and become acquainted with the same factual background and legal issues.

Signature: _____    Date: November 16, 2018

Firm: Law Office of Adam G. Singer, PLLC
One Grand Central Place, 60 E. 42nd Street, Suite 4600
New York, NY 10165