**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
BRANDON SANDERS,                                    Civil Action No. 1:18-cv-10741

                Plaintiff,

v.

CHECKR, INC.,

                Defendant.
-----------------------------------------------------------x

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Checkr, Inc., ("Checkr"), through its counsel, submits the following Answer to Plaintiff's Complaint. Checkr denies all allegations in the Complaint that it does not expressly admit in this Answer. Checkr further denies that it willfully or negligently violated any law, either individually, or collectively with any other individual or entity. Checkr responds to the specific allegations in the enumerated paragraphs of the Complaint as follows:

### I. PRELIMINARY STATEMENT

1. Paragraph 1 of the Complaint contains a general description of the nature of the action to which no response is required. To the extent a response is required, Checkr denies it violated the Fair Credit Reporting Act, 15, U.S.C. §§ 1681, *et seq.* ("FCRA") or any other applicable law and denies that this matter may be properly maintained against Checkr as a class action.

2. With respect to the allegations in paragraph 2 of the Complaint, Checkr admits that in or around May 2018, it sold a consumer report about Plaintiff to MakeSpace Labs, Inc. ("MakeSpace"). Checkr lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 2 of the Complaint. The allegations

referring to any report on Plaintiff refer to a document that speaks for itself. To the extent those allegations are inconsistent with the document, they are denied. Finally, Checkr denies that it adjudicated Plaintiff and denies that MakeSpace adopted any adjudication by Checkr and denies the remaining allegations, if any, in paragraph 2.

## II.     NATURE OF THE CASE

3.      Paragraph 3 of the Complaint contains a general description of the nature of the action to which no response is required. To the extent a response is required, Checkr denies it violated the FCRA and denies that it violated N.Y. Gen. Bus. Law § 380 *et seq.*

4.      The allegations in paragraph 4 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 4 are contrary to law, they are denied.

5.      The allegations in paragraph 5 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 5 are contrary to law, they are denied.

6.      The allegations in paragraph 6 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 6 are contrary to law, they are denied.

7.      Checkr denies the allegations in paragraph 7 of the Complaint.

8.      Checkr denies the allegations in paragraph 8 of the Complaint.

9.      The allegations in paragraph 9 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 9 are contrary to law, they are denied.

10.     Checkr denies the allegations in paragraph 10 of the Complaint.

11. Checkr admits, as applicable to the events related to the Plaintiff, that it operates as a consumer reporting agency, but denies the remaining allegations in paragraph 11 of the Complaint.

12. The allegations in paragraph 12 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 12 are contrary to law, they are denied.

13. The allegations in paragraph 13 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 13 are contrary to law, they are denied.

14. Checkr denies the allegations in paragraph 14 of the Complaint.

15. Checkr denies the allegations in paragraph 15 of the Complaint.

16. Checkr denies the allegations in paragraph 16 of the Complaint.

### III. JURISDICTION & VENUE

17. The allegations in paragraph 17 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 17 are contrary to law, they are denied.

18. The allegations in paragraph 18 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 18 are contrary to law, they are denied.

### IV. PARTIES

19. Checkr lacks information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint regarding Plaintiff's residence and, therefore, denies the same.

20. Checkr admits, as applicable to the events related to the Plaintiff, that it operates as a consumer reporting agency with its principal place of business in San Francisco, California. The remaining allegations in paragraph 20 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 20 are contrary to law, they are denied.

## V.     FACTUAL ALLEGATIONS

### A. Checkr's Operations as a Consumer Reporting Agency

21. Checkr admits that it sells consumer reports to employers for those employers to use for screening purposes. Checkr denies the remaining allegations in paragraph 21.

22. Checkr admits the allegations in paragraph 22 of the Complaint.

23. Checkr admits that pursuant, to its obligations under the FCRA, it maintains reasonable procedures to assure the maximum possible accuracy of the information it reports on individuals. Checkr denies the remaining allegations in paragraph 23.

24. Checkr denies the allegations in paragraph 24 of the Complaint.

### B. Checkr's Operations as a User of Consumer Reports

25. Checkr denies the allegations in paragraph 25 of the Complaint.

26. Checkr denies the allegations in paragraph 26 of the Complaint.

27. Checkr admits that it offers its customers a tool that allows employers to send "pre-adverse action" notices to consumers. Checkr denies that it "adjudicates" employment-related decisions on behalf of employers.

28. Checkr admits that it offers its customers a tool that allows employers to send "pre-adverse action" notices to consumers. Checkr denies the remaining allegations in paragraph 28 of the Complaint.

29. Checkr denies the allegations in paragraph 29 of the Complaint.

30. Checkr denies the allegations in paragraph 30 of the Complaint.

**C. The Experience of Plaintiff Brandon Sanders**

31. Checkr lacks information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and, therefore, denies the same.

32. Checkr lacks information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and, therefore, denies the same.

33. Checkr lacks information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and, therefore, denies the same.

34. Checkr lacks information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and, therefore, denies the same.

35. Checkr lacks information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and, therefore, denies the same.

36. Checkr lacks information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and, therefore, denies the same.

37. Checkr lacks information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and, therefore, denies the same.

38. Checkr lacks information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and, therefore, denies the same.

39. Checkr admits that, in or around May 2018, Plaintiff applied for employment with MakeSpace.

40. The allegations in paragraph 40 of the Complaint refer to a document, which speaks for itself. Checkr denies any allegations that are inconsistent with the document.

41. The allegations in paragraph 41 of the Complaint refer to a document, which speaks for itself. Checkr denies any allegations that are inconsistent with the document.

42. The allegations in paragraph 42 of the Complaint refer to a document, which speaks for itself. Checkr denies any allegations that are inconsistent with the document.

43. Checkr admits the allegations in paragraph 43 of the Complaint.

44. The allegations in paragraph 44 of the Complaint refer to a document, which speaks for itself. Checkr denies any allegations that are inconsistent with the document.

45. The allegations in paragraph 45 of the Complaint refer to a document, which speaks for itself. Checkr denies any allegations that are inconsistent with the document.

46. The allegations in paragraph 46 of the Complaint refer to a document, which speaks for itself. Checkr denies any allegations that are inconsistent with the document.

47. The allegations in paragraph 47 of the Complaint refer to a document, which speaks for itself. Checkr denies any allegations that are inconsistent with the document.

48. The allegations in paragraph 48 of the Complaint refers to public court dockets and records, which speak for themselves. Checkr denies any allegations inconsistent with those dockets and records.

49. The allegations in paragraph 49 of the Complaint refers to public court dockets and records, which speak for themselves. Checkr denies any allegations inconsistent with those dockets and records.

50. The allegations in paragraph 50 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 50 are contrary to law, they are denied.

51. The allegations in paragraph 51 of the Complaint refer to a document, which speaks for itself. Checkr denies any allegations that are inconsistent with the document.

52. Checkr admits the allegations in paragraph 52 of the Complaint.

53. Checkr denies the allegations in paragraph 53 of the Complaint.

54. Checkr admits the allegations in paragraph 54 of the Complaint.

55. Checkr denies the allegations in paragraph 55 of the Complaint.

56. Checkr denies the allegations in paragraph 56 of the Complaint.

57. The allegations in paragraph 57 of the Complaint refer to a document, which speaks for itself. Checkr denies any allegations that are inconsistent with the document.

58. The allegations in paragraph 58 of the Complaint refer to a document, which speaks for itself. Checkr denies any allegations that are inconsistent with the document.

59. Checkr lacks information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and, therefore, denies the same.

60. Checkr lacks information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint and, therefore, denies the same.

61. Checkr lacks information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint and, therefore, denies the same.

62. Checkr admits the allegations in paragraph 62 of the Complaint.

63. The allegations in paragraph 63 of the Complaint refer to a document, which speaks for itself. Checkr denies any allegations that are inconsistent with the document.

64. Checkr lacks information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint and, therefore, denies the same.

65. Checkr lacks information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint and, therefore, denies the same.

66. The allegations in paragraph 66 of the Complaint refer to a document, which speaks for itself. Checkr denies any allegations that are inconsistent with the document.

67. The allegations in paragraph 67 of the Complaint refer to a document, which speaks for itself. Checkr denies any allegations that are inconsistent with the document.

68. The allegations in paragraph 68 of the Complaint refer to a document, which speaks for itself. Checkr denies any allegations that are inconsistent with the document.

69. The allegations in paragraph 69 of the Complaint refer to a document, which speaks for itself. Checkr denies any allegations that are inconsistent with the document.

70. Checkr denies the allegations in paragraph 70 of the Complaint.

71. Checkr denies the allegations in paragraph 71 of the Complaint.

### VI. CLASS ALLEGATIONS

72. Checkr admits that Plaintiff purportedly defines the classes as set forth in paragraph 72(a) through (d) of the Complaint. Checkr denies that this matter may be properly maintained against Checkr as a class action.

73. The allegations in paragraph 73 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 73 are contrary to law, they are denied.

74. Plaintiff's claim that the numerosity requirement is present and satisfied is a legal conclusion to which no response is required. To the extent a response is required, Checkr denies that this matter may be properly maintained against Checkr as a class action. Checkr denies the remaining allegations in paragraph 74 of the Complaint.

75. Plaintiff's claim that the predominance and commonality requirements are present and satisfied is a legal conclusion to which no response is required. To the extent a response is required, Checkr denies that this matter may be properly maintained against Checkr as a class action. Checkr denies the remaining allegations in paragraph 75 of the Complaint.

76. Plaintiff's claim that the typicality requirement is present and satisfied is a legal conclusion to which no response is required. To the extent a response is required, Checkr denies that this matter may be properly maintained against Checkr as a class action. Checkr denies the remaining allegations in paragraph 76 of the Complaint.

77. Plaintiff's claim that the adequacy requirement is present and satisfied is a legal conclusion to which no response is required. To the extent a response is required, Checkr denies that this matter may be properly maintained against Checkr as a class action. Checkr denies the remaining allegations in paragraph 77 of the Complaint.

78. Plaintiff's claim that the predominance and superiority requirements are present and satisfied is a legal conclusion to which no response is required. To the extent a response is required, Checkr denies that this matter may be properly maintained against Checkr as a class action. Checkr denies the remaining allegations in paragraph 78 of the Complaint.

### VII. CAUSES OF ACTION
### COUNT I
### (CLASS CLAIM)
### FCRA § 1681e(b)

79. Checkr incorporates the foregoing paragraphs as though the same were set forth fully herein.

80. Checkr admits that, as it relates to the Plaintiff's allegations, it is a consumer reporting agency for purposes of the FCRA. The remaining allegations in paragraph 80 state legal

conclusions to which no response is required. To the extent the allegations in paragraph 80 are contrary to law, they are denied.

81. The allegations in paragraph 81 state legal conclusions to which no response is required. To the extent the allegations in paragraph 81 are contrary to law, they are denied.

82. Checkr admits the allegations in paragraph 82 of the Complaint.

83. Checkr denies the allegations in paragraph 83 of the Complaint.

## COUNT II
## (CLASS CLAIM)
## FCRA § 1681b(b)(3)

84. Checkr incorporates the foregoing paragraphs as though the same were set forth fully herein.

85. Checkr denies the allegations in paragraph 85 of the Complaint.

## COUNT III
## (CLASS CLAIM)
## N.Y. Gen. Bus. Law § 380-j(a)(1)

86. Checkr incorporates the foregoing paragraphs as though the same were set forth fully herein.

87. Checkr denies the allegations in paragraph 87 of the Complaint.

88. Checkr denies the allegations in paragraph 88 of the Complaint.

89. Checkr denies the allegations in paragraph 89 of the Complaint.

90. Checkr denies the allegations in paragraph 90 of the Complaint.

## COUNT IV
## (INDIVIDUAL CLAIM)
## N.Y. Gen. Bus. Law § 380-j(e)

91. Checkr incorporates the foregoing paragraphs as though the same were set forth fully herein.

92. Checkr denies the allegations in paragraph 92 of the Complaint.

93. The allegations in paragraph 93 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 93 are contrary to law, they are denied.

94. The allegations in paragraph 94 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 94 are contrary to law, they are denied.

95. Checkr denies the allegations in paragraph 95 of the Complaint.

96. Checkr denies the allegations in paragraph 96 of the Complaint.

97. Checkr denies the allegations in paragraph 97 of the Complaint.

98. Checkr denies that Plaintiff is entitled to any of the relief requested following the WHEREFORE clause in the Complaint.

99. Checkr denies any allegations not expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that Checkr bears the burden of proof as to any of them, Checkr asserts the following defenses. Checkr intends to rely on any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

## **FIRST ADDITIONAL DEFENSE**

The Complaint fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from Checkr.

**SECOND ADDITIONAL DEFENSE**

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail himself of the rights he claims under the FCRA. The alleged damages, if any, are speculative or uncertain and therefore not compensable.

**THIRD ADDITIONAL DEFENSE**

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Checkr acted in good faith and complied fully with the FCRA and relevant state laws.

**FOURTH ADDITIONAL DEFENSE**

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Checkr continues to deny, were the result of acts or omissions of third persons over whom Checkr had neither control nor responsibility.

**FIFTH ADDITIONAL DEFENSE**

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others over whom Checkr had neither control nor responsibility.

**SIXTH ADDITIONAL DEFENSE**

Plaintiff's claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages.

**SEVENTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to protect himself from damages, if any, or failed to mitigate his alleged damages.

## EIGHTH ADDITIONAL DEFENSE

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against Checkr, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. Checkr is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## NINTH ADDITIONAL DEFENSE

To the extent the Plaintiff's claims are subject to an Arbitration Agreement requiring mandatory and binding arbitration, this Court lacks subject matter jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

## TENTH ADDITIONAL DEFENSE

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, the purported class is not so numerous that joinder of any qualified member is impracticable; Plaintiff's claims are not typical of the claims of each purported class member; questions of law and fact allegedly common to the purported class do not predominate over the numerous questions affecting only purported class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of purported class members; Plaintiff and his counsel are unable to fairly and adequately protect the interests of the purported class members; the purported class members cannot be identified or ascertained by reference to objective criteria in an administratively feasible manner; and there are insurmountable difficulties in any attempt to proceed as a class action.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiff and the purported class members cannot recover from Checkr as a class action to the extent to which such class recovery would deprive Checkr of its due process rights to assert individualized defenses to claims of class members.

## TWELFTH ADDITIONAL DEFENSE

Plaintiff cannot recover from Checkr individually or as a class action for punitive or statutory damages to the extent any award of punitive or statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim.

## THIRTEENTH ADDITIONAL DEFENSE

Plaintiff's claims, and those of the purported class, fail to the extent that they are barred by any applicable statutes of limitation.

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiff's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent the claims are barred by any previous applicable settlements and/or releases.

Checkr reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Checkr requests that this Court:

1. Dismiss Plaintiff's Complaint with prejudice;

2. Enter judgment in favor of Checkr;

3. Award Checkr its attorneys' fees and costs of suit incurred in defending against the Complaint; and

4. Award Checkr such other relief the Court deems appropriate.

Dated: January 18, 2019
    New York, New York

TROUTMAN SANDERS LLP

By: *s/ Amanda Lyn Genovese*
Amanda Lyn Genovese
875 Third Avenue
New York, New York 10022
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
amanda.genovese@troutman.com

*Attorneys for Checkr, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January, 2019, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to all counsel of record.

By: *s/ Amanda Lyn Genovese*  
Amanda Lyn Genovese