UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/19
```

BRANDON SANDERS,  )
　　　　　　　　　　)
　　Plaintiff,　　　)
　　　　　　　　　　)　　C.A. NO. 1:18-CV-10741-ALC
v.　　　　　　　　　)
　　　　　　　　　　)
CHECKER, INC.,　　 )
　　　　　　　　　　)
　　Defendant.　　　)

## STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER

　　WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

　　ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

　　1.　　Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

　　2.　　The Confidential Information shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4.

　　3.　　In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. The parties shall meet and confer on disagreements regarding any designation made under this Protective Order within seven (7) days of any objecting party providing notice of the disagreement to the designating party, unless the parties agree otherwise. If the dispute cannot be resolved, then the Producing Party shall submit a motion to the court within twenty-one (21) days of such objection, or the material will not be subject to this Order. If a motion is timely filed by the Producing Party, the designated document or information shall continue to be treated as "Confidential" and/or "Attorneys Eyes Only", subject to the provisions of this Protective Order, until such time as the court rules otherwise. Nothing in this Protective Order constitutes an admission by any party that Confidential

Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting

legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.   Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.   Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

10.   At the conclusion of litigation, any party upon written notice by the Producing Party shall assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential Information and to destroy, should such source so request, all copies of Confidential Information that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Information; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order.

11.   Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: September 5, 2019

/s/ Stephen J. Steinlight
**TROUTMAN SANDERS LLP**
Cindy D. Hanson*
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
Tel: (404) 885-3000
Fax: (404) 885-3900
Cindy.hanson@troutman.com

Stephen J. Steinlight
875 Third Avenue
New York, New York 10022
Tel: (212) 704-6000
Fax: (212) 704-6288
stephen.steinlight@troutman.com

Dated: September 5, 2019

/s/ Jeffrey B. Sand
**Weiner & Sand LLC**
Jeffrey B. Sand*
3525 Piedmont Road
7 Piedmont Center
3rd Floor
Tel: (404) 205-5029
Fax: (866) 800-1482
js@atlantaemployeelawyer.com

**Francis & Mailman, P.C.**
James A. Francis*
Lauren KW Brennan*
1600 Market Street, 25th Floor
Philadelphia, PA 19103

3

*Attorneys for Checkr, Inc.*

Tel: 215.735.8600
Fax: 215.940.8000
jfrancis@consumerlawfirm.com
lbrennan@consumerlawfirm.com

**Law Office of Adam G. Singer, PLLC**
60 E 42nd Street, Suite 4600
New York, NY 10165
Tel: 212.842.2428
Fax: 212.658.9682
asinger@adamsingerlaw.com

*admitted pro hac vice

*Attorneys for Plaintiff*

SO ORDERED.
*except that any application to maintain the confidentiality of documents or information at trial shall be made to the trial judge, in advance of trial.*
Dated:
  9/13/19
New York, New York

_____
DEBRA C. FREEMAN, U.S.M.J.

**DEBRA FREEMAN**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF NEW YORK**

4

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

_____
Printed Name

39525017v2